IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kirk Willis,                )<br>                                       )<br>                Plaintiff,     )<br>                                       )<br>v.                                   )<br>                                       )<br>Clinton Public Safety; Director Laurens County )<br>Detention Center; Aaron Taylor; Bryan C. Able, )<br>                                       )<br>                Defendants.  ) | Civil Action No.: 6:20-cv-01854-JMC<br><br>**ORDER** |

Plaintiff filed this action against Defendants seeking damages for allegedly violating his constitutional rights by engaging in double jeopardy, ineffective assistance of counsel, and false arrest. (ECF No. 1 at 3, 5.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 10), filed on May 19, 2020, recommending that the District Court "dismiss this action without issuance and service of process." (*Id.* at 9.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

The parties were advised of their right to file objections to the Report. (ECF No. 10 at 10.) None of the parties filed objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting its recommendation. *See Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983). Rather "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and **DISMISSES** the action without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 12, 2020
Columbia, South Carolina